UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RALPH BUCK PHILLIPS,

                                               Plaintiff,

      vs.                                                              9:12-CV-059
                                                                              (FJS/ATB)
DALE ARTUS, *et al.*,

                                               Defendants.
_____

RALPH BUCK PHILLIPS
Plaintiff, pro se

KRISTEN M. QUARESIMO, Asst. Attorney General
KELLY L. MUNKWITZ, Asst. Attorney General
Attorneys for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Frederick J. Scullin, Senior United States District Judge. In this pro se complaint, brought pursuant to 42 U.S.C. § 1983, plaintiff alleges that while he was incarcerated at Clinton Correctional Facility, the defendants violated a variety of his constitutional rights by subjecting him to inadequate conditions of confinement, issuing false misbehavior reports, violating his religious rights, and obstructing his right to file grievances.[1] (*See generally* Compl.) (Dkt. No. 1). Plaintiff seeks declaratory,

---

[1] Plaintiff also claimed that defendants improperly confiscated his personal property. This claim was dismissed by Memorandum-Decision and Order dated April 9, 2012. (Dkt. No. 5 at 5).

injunctive, and monetary relief.

Currently before the Court is defendants' motion pursuant to Rule 37(b) of the Federal Rules of Civil Procedure ("Rules") to dismiss the complaint as a sanction for plaintiff's failure to attend his scheduled deposition. (Dkt. No. 46).[2] For the following reasons the court recommends that the motion be granted and plaintiff's complaint be dismissed.

## DISCUSSION

**I.     Background[3]**

Plaintiff filed this action on January 12, 2012. (Dkt. No. 1). His motion to proceed *in forma pauperis* was granted and service was ordered on April 9, 2012. (Dkt. No. 5). I issued a Mandatory Pretrial Discovery and Scheduling Order ("the Scheduling Order") on August 10, 2012. (Dkt. No. 32). The Scheduling Order grants defendants leave to take plaintiff's deposition and explains the proper procedure for doing so. (Dkt. No. 32 at 3-4). It specifically advises plaintiff that "[t]he failure of plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." *Id.* at 4.

When counsel for defendants arrived at plaintiff's facility for his noticed deposition on January 11, 2013, two corrections officers advised her that plaintiff

---

[2] The motion is docketed as a motion to dismiss for failure to prosecute, however defendants' brief references Rule 37, not Rule 41. (*See* Dkt. Nos. 46 and 46-1).

[3] The court described the factual background in detail in its September 20, 2013 Order. (Dkt. No. 48 at 2-4). The court will, therefore, assume the parties' familiarity with the background and will only briefly summarize it here as necessary to address the motion.

2

refused to leave his cell. (*See* Quaresimo Decl. ¶ 7 & Ex. C; Munkwitz Decl. ¶ 5). Plaintiff provided a letter to one of the corrections officers in which he stated that he "decided that any further litigation is merely an act of futility," asserting that the judicial system is "as corrupted as those who have violated me." (Munkwitz Decl., Ex. A). Following plaintiff's refusal to appear, counsel for defendants sent plaintiff a Stipulation of Discontinuance. (Quaresimo Decl., ¶ 11 & Ex. D). Plaintiff did not respond. (Quaresimo Decl., ¶ 12).

Defendants subsequently filed a motion to dismiss. (Dkt. No. 46). Plaintiff did not respond to this motion. Based on plaintiff's failure to attend his deposition, his letter to counsel for defendants, and his failure to respond to the motion to dismiss, it appeared to the court that plaintiff intended to voluntarily dismiss this action. Therefore, the court issued an order giving plaintiff an opportunity to advise the court whether or not he intended to proceed with this action. (Dkt. No. 48 at 4) ("September Order"). The September Order "***specifically warn[ed]*** plaintiff that if he continues to disobey orders of the court, ***dismissal of his case will be recommended***." (*Id.*). The court further explained that even a pro se plaintiff is required to comply with the court's orders. (*Id.*). The court directed plaintiff to advise the court within thirty days whether he intended to proceed with the action or withdraw it. (*Id.* at 5).

The Clerk served the September Order on plaintiff via regular mail. (Dkt. Entry No. 48). However, the order was returned to the court as undeliverable with a notation on the envelope that plaintiff refused two attempts by facility staff to deliver the order to him. (Dkt. No. 49).

3

**II.     Motion to Dismiss**

   **A.     Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with the Federal Rules or an order of the court.[4] *See Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of: 1) whether plaintiff's failure caused a delay of considerable duration; 2) whether plaintiff was given notice that further delay would result in dismissal; and 3) whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

After reviewing the record, the court finds that consideration of these factors weighs in favor of dismissal. Plaintiff's refusal to appear for his deposition based on his belief that the judicial system is corrupt, and his refusal to even accept mail from the court demonstrates that the delay will likely be indefinite. Plaintiff was advised in

---

[4] Courts may exercise this dismissal power *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

the Scheduling Order that refusal to appear for his deposition could lead to dismissal of his case. The court again attempted to highlight for plaintiff the importance of complying with court orders in its most recent order, but plaintiff refused to even accept this order. Defendants will certainly be prejudiced by the indefinite delay caused by plaintiff's refusal to be deposed, respond to defendants' motion, or accept mail regarding his action. Plaintiff has clearly decided not to prosecute the case that he chose to file.[5] Under these circumstances the court finds that lesser sanctions would be ineffective because the case cannot move forward without plaintiff's involvement and cooperation. This court has no alternative but to recommend dismissal for failure to prosecute.

### B. Discovery Sanctions

Rule 37(d) of the Federal Rules of Civil Procedure also provides for sanctions, including dismissal, if an individual fails to appear at his own deposition after having received proper notice.[6] Fed. R. Civ. P. 37(d)(1)(A)(i). Subsection (d) cross references subsection (b)(2)(A)(v) which also authorizes the court to dismiss an action

---

[5] The court notes that this conclusion is further supported by plaintiff's actions in another case he filed in this district. In *Phillips v. Greathouse, et al.,* 9:08-CV-878 (FJS/ATB), plaintiff expressed his belief that "any of those who carry a badge or are directly involved in the judicial" system cannot be trusted. (*Id.* at Dkt. No. 161). In that case, plaintiff refused to leave his cell for a videoconference despite being warned that his case would be dismissed if he did not attend. (*Id.* at Dkt. No. 165). Consequently, the case was dismissed pursuant to Rule 41(b). (*Id.* at Dkt. No. 169, 170).

[6] Rule 37(d)(3) also provides that "[i]nstead of or in addition to [other] sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."

5

for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court. As with dismissal for failure to prosecute under Rule 41, the sanction of dismissal is a harsh remedy, to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute* 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991). A court may consider several factors when deciding whether a case should be dismissed for failure to comply with discovery, including: 1) the willfulness of the non-compliant party or the reason for noncompliance; 2) the duration of the period of non-compliance; 3) whether the non-compliant party had been warned of the consequences of noncompliance; and 4) the efficacy of lesser sanctions." *S. New England Tel. Co. v. Global Naps, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Here, as discussed above, plaintiff received the Scheduling Order from the Court which warned him that failure to appear for his deposition could lead to dismissal of his action. In its September Order, the court again warned plaintiff about the possibility of dismissal, specifically advising him that if he failed to comply with its order "the Court **will recommend dismissal of this action**." Dkt. No. 48 at 2. Plaintiff refused to accept this order when it was offered to him by staff at the facility. Plaintiff has not made any other contact with the court. Plaintiff appears to be ignoring both the court and defense counsel, notwithstanding clear notice of the consequences. The court therefore finds that he is at fault, his actions are willful, and he has shown bad faith by failing to appear. Given plaintiff's apparent lack of interest in prosecuting his case, and his complete disregard for this court's orders, the court

6

finds that a sanction other than dismissal would not be effective. As the court explained in its September Order, notwithstanding plaintiff's pro se status, he is not absolved from abiding by the rules. (September Order at 4-5) (citing *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (noting that pro se litigants are required to familiarize themselves with procedural rules and comply with such rules); *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions.")).

For the foregoing reasons, dismissal is the appropriate sanction under Rule 37 as it is for plaintiff's failure to prosecute under Rule 41, and the court recommends dismissal.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 46) be **GRANTED**, and that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: November 12, 2013

**Andrew T. Baxter**
**U.S. Magistrate Judge**